UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WARREN RILEY | CIVIL ACTION |
| VERSUS | NO. 19-13950 |
| LaTOYA CANTRELL, individually and in her capacity as Mayor of the City of New Orleans, and the CITY OF NEW ORLEANS | SECTION M (1) |

# ORDER & REASONS

Before the Court is a motion by defendants the City of New Orleans and LaToya Cantrell, individually and in her capacity as Mayor of the City of New Orleans (together, "Defendants") for an *Erie* guess, or in the alternative, for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] Plaintiff Warren Riley responds in opposition,[2] and the parties reply in support of their respective positions.[3] Also before the Court is Defendants' motion to stay trial pending interlocutory appeal,[4] which Riley opposes.[5] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion for interlocutory appeal, denies as moot the related motion to stay, and defers its *Erie* guess to trial.

## I. BACKGROUND

This litigation arises from a politician's unkept promise. When she was Mayor-elect, Cantrell reneged on her offer to employ Riley as Director of Homeland Security and Public Safety in her incoming administration. Riley accepted the at-will offer by signing a written employment

---

[1] R. Doc. 57.
[2] R. Doc. 60.
[3] R. Docs. 67; 68.
[4] R. Doc. 64.
[5] R. Doc. 69.

agreement, subject only to a background check. Knowing that Riley had resigned from his position with the Federal Emergency Management Agency ("FEMA") in Georgia, Cantrell withdrew the offer just before he was scheduled to assume the director position, ostensibly capitulating to two constituents who allegedly expressed opposition to Riley serving as director "due to his actions as Superintendent of the New Orleans Police Department in the aftermath of Hurricane Katrina" (reportedly due to the now-infamous Danziger Bridge tragedy). By this lawsuit, Riley seeks to hold Mayor Cantrell and the City accountable for the damages he incurred when he relied on her (since-reneged) promise to employ him.

This Order & Reasons assumes familiarity with prior proceedings in this civil action. On June 30, 2021, the Court granted in part and denied in part Defendants' motion for summary judgment.[6] As a result, Riley's breach-of-contract claim, unjust enrichment claim, vicarious theory of recovery against the City, and attorney's fees claim were all dismissed; only Riley's detrimental reliance claim remains pending for trial. In considering Defendants' arguments advanced in support of their request for summary relief on Riley's detrimental reliance claim, the Court considered whether a prospective at-will employee's reliance on an offer of at-will employment is unreasonable as a matter of law. Noting that the parties appeared to concede an ostensible split (among divided opinions) in the Louisiana intermediate courts, the Court determined that Defendants failed to carry their summary-judgment burden and invited trial briefs directed to supporting an *Erie* guess on the issue. Defendants now request that the Court make an *Erie* guess on the issue or, alternatively, they request that the Court certify its June 30, 2021 Order & Reasons for interlocutory appeal. Defendants also request that the Court stay the trial pending their pursuit of an interlocutory appeal.

---

[6] R. Doc. 54.

2

**II.     PENDING MOTION**

Defendants move the Court to make an *Erie* guess that a prospective at-will employee's reliance on an offer of at-will employment is unreasonable as a matter of Louisiana law. In essence, Defendants move the Court to reconsider its prior ruling that Defendants failed to carry their burden on this very issue. Defendants continue to submit that Louisiana law does not impose a good faith obligation upon parties to an offer of at-will employment. If the Court is not inclined to make an *Erie* guess before trial, Defendants request in the alternative that the Court certify its June 30, 2021 Order & Reasons for interlocutory appeal to the Fifth Circuit, in the hopes that the appellate court might certify to the Louisiana Supreme Court what Defendants submit is a controlling legal issue. And, if the Court should grant Defendants' alternative request for certification, Defendants also move for a stay to avoid the time and expense of a trial.

Riley opposes Defendants' request for certification of the detrimental reliance issue for interlocutory appeal, contending that Defendants have needlessly delayed this litigation at every stage and that the certification request is simply another delay tactic. Riley submits that an immediate appeal will not materially advance the ultimate termination of the litigation; rather, *if* the Fifth Circuit were to entertain the appeal, it *might* certify a question to the Louisiana Supreme Court, which *may or may not* accept the certified question. Only after further briefing on this same issue would the state high court then certify its answer to the Fifth Circuit, which would remand to this Court a trial on the merits or a summary dismissal of the detrimental reliance claim, at which time Riley could appeal those summary-judgment rulings adverse to him. Finishing the final piece of this case in this Court by holding what will be a one-day bench trial on the detrimental reliance claim, which would then permit any appeal or cross-appeal to be taken after final judgment, Riley submits, would be the most efficient use of judicial and litigant resources.

### III. LAW & ANALYSIS

#### A. Certification for Interlocutory Appeal

Little has changed since the First Congress in the Judiciary Act of 1789 announced the general federal policy of appellate jurisdiction: that is, appeals generally must await a district court's entry of final judgment. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). This final judgment rule, today embraced by Congress in 28 U.S.C. § 1291, reflects "'a firm congressional policy against interlocutory or "piecemeal" appeals.'" *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-71 (5th Cir. 2009) (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)); *see* 28 U.S.C. § 1291 ("The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ...."). One exception to this general rule is articulated in 28 U.S.C. § 1292(b), which governs the certification of interlocutory orders for appeal and provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order ....

By its plain terms, § 1292(b) "confer[s] on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). Interlocutory appeals are "exceptional," the Fifth Circuit cautions, and "assuredly do[ ] not lie simply to determine the correctness" of a ruling. *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67-69 (5th Cir. 1983); *see also Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984) (quoting 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2658.2, at 80 (2d ed. 1983), for the proposition that § 1292(b) "'is

4

meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals'").

To permit an interlocutory appeal, the Court must be persuaded – and certify in writing – that the three statutory criteria are met. The appealable issue must involve: (1) a controlling issue of law; (2) a substantial ground for difference of opinion; and (3) a question whose immediate appeal from the order will materially advance the ultimate termination of the litigation. *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). In practice, this is a balancing exercise:

> The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal. The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling. The disadvantages of immediate appeal increase with the probabilities that lengthy appellate consideration will be required, that the order will be affirmed, that continued district-court proceedings without appeal might moot the issue, that reversal would not substantially alter the course of district-court proceedings, or that the parties will not be relieved of any significant burden by reversal.

16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930, at 488-89 (3d ed. 2021) (internal footnote omitted).

Of the three criteria, the second one "has caused [courts] the least difficulty" and "judges have not been bashful about refusing to find substantial reason to question a ruling of law." *Id.* at 492. To determine whether the requisite level of contestability is present, the Court is mindful that:

> The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case. If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt.

*Id.* at 494-95. As one district court observed, courts might find the requisite contestability where:

5

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006) (citation omitted).  On the other hand, "simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* at 724.  To be sure, "[t]he threshold for establishing a 'substantial ground for difference of opinion' is higher than mere disagreement or even the existence of some contrary authority." *Coates v. Brazoria Cnty.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013).

### B. Analysis

The June 30, 2021 Order & Reasons denying in part Defendants' motion for summary judgment "is a paradigmatic example of an interlocutory order that normally is not appealable [until final judgment]." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Defendants thus bear the burden of showing that all three statutory criteria for certifying a permissive appeal are satisfied.  They fail to do so.

That Defendants fail to persuade the Court that there is sufficient possibility of reversal of the June 2021 ruling to justify an interlocutory appeal dooms their motion for certification.  Here, the necessary level of disagreement does not exist for the issue Defendants request certification. Defendants merely disagree with the Court's ruling and hope that the Fifth Circuit might certify the issue to the Louisiana Supreme Court in order to determine the correctness of the Court's ruling.  They fail to satisfy the Court that there is the requisite level of contestability: that is, they fail to show that there is *substantial* ground for difference of opinion.  Even assuming that the

specific disputed issue is considered novel in Louisiana, it is not particularly difficult to resolve the issue in favor of a cause of action predicated on an explicit Louisiana Civil Code article.

Because Defendants fail to persuade the Court that the second statutory criterion is satisfied, it is unnecessary to consider whether the first and third might be met. Nevertheless, the Court observes that the June 30, 2021 Order & Reasons does involve a controlling question of law. Whether a prospective employee may reasonably rely on an offer of at-will employment is certainly a pure or abstract question of law. The issue is fairly considered "controlling" because it is dispositive: the Court's ruling that the plaintiff has a viable claim for detrimental reliance would require reversal if decided incorrectly. If the Fifth Circuit or the Louisiana Supreme Court determine that Riley cannot reasonably rely on an offer of at-will employment, then Riley has no detrimental reliance cause of action. The legal question thus controls whether the plaintiff's remaining claim for detrimental reliance must be tried. The first criterion, then, is clearly met.

However, the third criterion – whether resolution of the controlling question of law would materially advance the ultimate termination of the litigation – is at best a close-call. If the Fifth Circuit agreed to take up the interlocutory appeal, it decided that certification to the Louisiana Supreme Court was necessary, the Louisiana Supreme Court entertained briefing and answered the question in Defendants' favor, and the Fifth Circuit then remanded the case to this Court for summary dismissal, then the Court would enter final judgment, at which time Riley could finally appeal this Court's summary-judgment rulings adverse to him. Although that trajectory would obviate the one-day bench trial of the detrimental reliance claim, the Court is not persuaded that the sought-for efficiencies would be achieved given the delays inherent in Defendants' interlocutory appeal. This factor mandates an assessment of the trade-off between the risk of an unnecessary trial and the risk of two or more appeals in the same case. As for the risk of an

unnecessary trial, the lone remaining claim will be tried by a judge in a single day, during which admitted evidence will be largely duplicative of the undisputed summary-judgment record already existing on the merits of this legal theory of recovery. Notably, here, it is the interlocutory appeal process – and the prospect of a later, second appeal – which promises to be protracted. And, from an efficiencies assessment standpoint, the inevitably protracted nature of the interlocutory appeal overshadows the possibility that the Fifth Circuit (with or without the assistance of the Louisiana Supreme Court) will reverse the Court's ruling on the detrimental reliance claim such that the parties and this Court would have needlessly expended resources on a one-day bench trial. (Had Defendants moved to dismiss the detrimental reliance theory at the outset of the litigation, instead of nearly two years after the case was filed, the efficiencies analysis would be different.)

Thus, notwithstanding that the first criterion is satisfied and – regardless of whether the third might be satisfied – because the Court finds that the second criterion is absent, Defendants may not pursue an interlocutory appeal. Strictly limited by the statutory criteria, certification is not warranted.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion for an *Erie* guess (R. Doc. 57) is DEFERRED. The Court will resolve the *Erie*-guess issue in its post-trial findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendants' motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (R. Doc. 57) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to stay pending interlocutory appeal (R. Doc. 64) is DENIED AS MOOT.

New Orleans, Louisiana, this 23rd day of March, 2022.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE