# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WARREN RILEY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | **NO.: 19-13950** |
| **LATOYA CANTRELL, individually** | * | |
| **and in her official capacity as Mayor of** | * | **SECTION: "M"** |
| **the City of New Orleans and** | * | |
| **THE CITY OF NEW ORLEANS** | * | |
| | * | **MAGISTRATE: DIV. 1** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO REOPEN PROCEEDING OR ALTERNATIVELY FOR RELIEF PURSUANT TO FED. R. CIV. PROC. 60(b)(6)

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Warren Riley, (periodically hereinafter "Mr. Riley") who respectfully submits this Memorandum in Support of Motion to Reopen Proceeding or Alternatively for Relief Pursuant to Fed. R. Civ. Proc. 60(b)(6). For those reasons detailed herein, this matter should be placed upon the Court's trial docket because Defendants have not consummated the settlement that was agreed upon by the parties. More specifically, Defendants, Mayor LaToya Cantrell and The City of New Orleans, have not timely paid the settlement funds, or signed the settlement agreement that was agreed upon by the parties and Defendants were aware that timely payment of the settlement funds was a material reason that Plaintiff, Warren Riley, agreed to the terms of the settlement.

## I.    Pertinent Facts

As this Honorable Court has recognized:

This litigation arises from a politician's unkept promise. When she was Mayor-elect, Cantrell reneged on her offer to employ Riley as Director of Homeland Security and Public Safety in her incoming administration. Riley accepted the at-will offer by

signing a written employment agreement, subject only to a background check. Knowing that Riley had resigned from his position with the Federal Emergency Management Agency ("FEMA") in Georgia, Cantrell withdrew the offer just before he was scheduled to assume the director position, ostensibly capitulating to two constituents who allegedly expressed opposition to Riley serving as director "due to his actions as Superintendent of the New Orleans Police Department in the aftermath of Hurricane Katrina" (reportedly due to the now-infamous Danziger Bridge tragedy). By this lawsuit, Riley seeks to hold Mayor Cantrell and the City accountable for the damages he incurred when he relied on her (since-reneged) promise to employ him.[1]

The trial of this matter was set to begin on September 12, 2022. In the weeks leading up to the pre-trial conference, which was set for August 24, 2022, counsel for the parties verbally engaged in earnest settlement negotiations, which ultimately led to a written, formal offer and acceptance of the terms of a settlement agreement. Specifically, on August 8, 2022, Defense counsel sent Plaintiff's counsel an email that states:[2]

> Good talking to you a few minutes ago. As we discussed, the City's final offer to resolve all claims in this matter is $ [SETTLEMENT AMOUNT].[3] The City will not entertain any counters. Please let us know if we have a settlement.

Upon receiving this offer, Mr. Riley decided to sleep on the decision before accepting, or rejecting the proposed settlement. On August 11, 2022, Defense counsel followed-up on the offer, stating: "Do we have a deal for $[SETTLEMENT AMOUNT]? If not, we need to prepare our Pre-Trial inserts."[4] On Monday, August 15, 2022, Counsel for the parties spoke and agreed upon the terms of the settlement. This agreement was memorialized in writing on Thursday, August 18, 2022,

---

[1] R. Doc. 85 at p. 1-2.

[2] See email dated August 8, 2022, 3:51 p.m., attached hereto as Exhibit 1.

[3] Plaintiff is conscious of the fact that if this Motion is granted this matter would proceed to trial and the dollar amount of the failed settlement should not be contained in the record. The settlement amount has been redacted in accord with this practice.

[4] See email dated August 11, 2022 at 3:18 p.m. attached hereto as Exhibit 2.

by the following email exchange initiated by undersigned counsel:

> This is to confirm that, after protracted negotiations that concluded on Monday afternoon, Mr. Riley has agreed to accept the City's offer to settle this matter in full for the amount of $[SETTLEMENT AMOUNT] **with this acceptance contingent upon my office's receipt of the settlement funds within twenty (20) days.** When we last spoke, you advised that you would be sending me a confirmation, but I have not received anything from you. As you know, the joint pre-trial order was due yesterday. We did not complete the joint pre-trial order based upon the settlement, above. Please confirm that the case is indeed settled, as stated above, so that we can alert the Court.[5]

Within minutes, Defense counsel confirmed the terms of the settlement and "to avoid any confusion" inquired as to the date the twenty day payment deadline started:

> With apologies, this email will confirm that all of Mr. Riley's claims in this matter have been settled for the total sum of $[SETTLEMENT AMOUNT], **with payment being made within 20 days. To avoid any issues, from what date does the 20 days commence?**[6]

To which Plaintiff's counsel responded:

> I believe the twenty days started on **Tuesday, August 16**, the day after we agreed upon the terms. Please confirm.[7]

Defense counsel replied: "**Confirmed.**"[8]

Based upon these terms, the settlement funds were to be paid by September 5, 2022, which is twenty days following Tuesday, August 16, the date of the settlement agreement.

---

[5] *See* email from Plaintiff's counsel to Defense counsel attached hereto as Exhibit 3 (emphasis added.)

[6] *Id* (emphasis added.)

[7] *Id* (emphasis added.)

[8] *Id.*

Payment instructions and a form W9 were also provided to Defendants on August 18, 2022.[9] The next day, on August 19, 2022, Plaintiff alerted the Court that the parties had reached a settlement. An Order of Dismissal was signed by the Court on August 19, 2022 and entered into the record on August 22, 2022.[10] The Court's order expressly retained jurisdiction for all purposes, including to reopen the action upon a showing of good cause.[11]

On August 30, 2022, undersigned counsel telephoned Defense counsel and advised that Plaintiff had signed the Release provided by Defendants. Plaintiff's counsel also inquired as to the status of the settlement check and when Defendants' proposed to exchange the signed Release for a copy that had been signed by Mayor Cantrell. The settlement check was not ready for delivery and Mayor Cantrell had not signed the Release. At Defendants' request, a copy of the signed release was emailed to Defense counsel on August 31, 2022. Because the settlement funds were not available and Defendants had not signed the Release, the copy of the Release sent to Defendants contained a watermark that states "NOT FINAL UNTIL FULLY EXECUTED BY ALL PARTIES."[12]

Despite having received proof that Plaintiff had timely executed the Release, Defendants did not timely tender the settlement funds, or a Release that had been signed by Mayor Cantrell. That is, the September 5, 2022, deadline to comply with the terms of the settlement lapsed without Defendants taking any action to consummate the settlement.

---

[9]*See* email attached hereto as Exhibit 4.

[10]R. Doc. 91.

[11]*Id.*

[12]See email and signed Release attached hereto as Exhibit 5.

On September 8, 2022, Plaintiffs counsel inquired as to the status of completing the settlement. After multiple telephone calls, Defendants advised that the settlement funds would not be tendered until a clean copy of the release had been provided to Mayor Cantrell. Therefore, in an attempt to be cooperative and close this case, Plaintiff's counsel emailed Defendants a signed copy of the Release that did not contain a watermark. The email that transmitted this "clean copy" of the Release stated: "Attached is a copy of the Settlement Agreement signed by Mr. Riley. As previously discussed, this agreement is **_not final_** as it has not been executed by all parties. Please provide us a fully executed Agreement upon your receipt of same."[13] As of the date of this motion's filing, Defendants have not provided Plaintiff with the settlement funds, or a fully executed copy of the Release.

 With the twenty day deadline having come and gone, Plaintiff's counsel called Defense counsel on September 9 and 12, 2022 seeking an update on the status of the signed Release and settlement funds. No progress report was provided during those telephone calls. On September 13, 2022, undersigned counsel sent an email to Defense counsel that states: "Any update on the settlement check? In light of the fact that we are well past the 20 day deadline, my client is becoming increasingly difficult to appease and has instructed me to file a motion to enforce the settlement agreement. Please advise." Defense counsel responded: "We greatly appreciate your forbearance and professional courtesies. We will update you on the status of the check when we have that information. We are working on it."[14]

---

[13]*See* email to Defense counsel and Release attached hereto as Exhibit 6.

[14]*See* emails dated September 13, 2022 attached hereto as Exhibit 7.

On September 14, 2022, Plaintiff's counsel asked Defense counsel for an update on the status of the signed release and delivery of the settlement funds. Defense counsel was unable to provide meaningful information.[15] In response, Plaintiff's counsel advised:

> As you know, payment of the settlement within 20 days was a material element of the settlement and, but for the timely payment of the settlement, Mr. Riley would not have agreed. Consequently, good cause exists to reopen the action in accordance with the Court's Order of conditional dismissal. If the settlement funds and executed release are not received by my office by the close of business today I will have no choice but to take immediate action on behalf of my client.
>
> Frankly, it would be very unfortunate for this settlement to fall apart because of the Mayor's refusal to uphold her end of the bargain, again.[16]

Again, as of the filing of this Motion, Defendants have not provided Mr. Riley with a signed Release, or the settlement funds. In other words, more than thirty (30) days have passed since the parties agreed upon the settlement of this case and Defendants have not taken any steps to timely consummate the settlement. This case is rooted in Mayor Cantrell's unkept promise and that same conduct continues to this day.

## II.   Law & Argument

In this case, jurisdiction is based on diversity, so the Court applies the substantive law of the forum -- Louisiana.[17] Under Louisiana law, a valid and enforceable settlement agreement must either be in writing, signed by all parties to the agreement, or recited and recorded in open court.[18]

---

[15]See emails dated September 14, 2022 attached hereto as Exhibit 8.

[16]*Id.*

[17]R. Doc. 54 at p. 11 (citing *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014)(citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938))).

[18]*Napoleon Corp. v. Essex Ins. Co.*, USDC EDLA No. 07-4921, R. Doc. 40 at p. 3 (08/19, 09)(approved and adopted by Judge Vance at R. Doc. 43 (11/12/09)).

Settlement agreements are also known as "compromise" agreements.  The pertinent Louisiana Civil Code articles for the analysis of a settlement agreement are LSA-C.C. arts. 3071 and 3072.

> Louisiana Civil Code article 3071 provides: "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." Louisiana Civil Code article 3072 provides: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings."

> According to the cited civil code articles and jurisprudence, for a settlement agreement to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding or be in writing and signed by the parties or their agents.[19]

In this case, Defendant, Mayor Cantrell, has yet again failed to keep her promise to consummate the settlement of this case. Specifically, the agreement between the parties was that Defendants would pay a sum certain to Mr. Riley by September 5, 2022 in exchange for a dismissal of Mr. Riley's claims herein. Mr. Riley notified this Honorable Court that the parties had reached a settlement of this matter; Mr Riley signed the Release provided by Mayor Cantrell and yet, Mayor Cantrell has done nothing to close this case within the time agreed upon by the parties. As such, this Honorable Court should find that the attempted settlement was never consummated and reopen this action for the purpose of conducting a trial on the merits.

Alternatively, Mr. Riley seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." The Fifth Circuit has held that when a settlement agreement is breached, a party has two remedies available: (1) an action to collect the amount due under the settlement agreement; or (2)

---

[19]*Id* at p. 3-4.

a Rule 60(b)(6) motion to vacate the prior dismissal and reinstate the case.[20] Further, "Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.[21] There is no set definition of what constitutes "extraordinary circumstances" for purposes of Rule 60(b)(6), but under the case law, the court should bear in mind that the ultimate purpose of Rule 60 in all its facets is to accomplish justice.[22]

Mr. Riley respectfully submits that Defendants' failure to adhere to the terms of the settlement agreed upon by the parties constitutes extraordinary circumstances for the purpose of Rule 60(b)(6). In fact, Defendants had actual knowledge and agreed to the twenty day deadline to remit the settlement funds and sign the Release that Defendants provided. Receipt of the settlement funds within twenty (20) days of the date of the settlement was a material term that Mr. Riley relied upon when he agreed to accept the settlement.[23] Defendants were aware of the fact that this was a material term and, despite this knowledge, Defendants have failed to take any steps to complete the settlement. It is a substantial injustice to allow Defendant, Mayor LaToya Cantrell, to break her word, yet again, at Mr. Riley's expense.

---

[20] *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 605 (5th Cir. 1986) (citing *Harman v. Pauley,* 678 F.2d 479, 481 (4th Cir. 1982); *Warner v. Rossignol,* 513 F.2d 678, 683 (1st Cir. 1975).

[21] *Hesling v. CSX Transp., Inc.,* 396 F.3d 632, 638 (5th Cir. 2005).

[22] *Kinzler v. First NBC Bank Holding Co.*, No. 16-4243 (E.D. La. July 19, 2021).

[23] *See* Declaration of Warren Riley attached hereto as Exhibit 9 at ¶8.

### III.      Conclusion

For those reasons detailed herein, Plaintiff, Warren Riley, prays that this Honorable Court

grant this Motion to Reopen Proceeding or Alternatively for Relief Pursuant to Fed. R. Civ. Proc.

60(b)(6) and set this case for trial on the merits.

Respectfully Submitted,

_[s/] Jonathan C. Pedersen_
**JONATHAN C. PEDERSEN (No. 32290)(T.A.)**
**D. DOUGLAS HOWARD, JR. (No. 7021)**
**HOWARD REED & PEDERSEN**
839 St. Charles Avenue, Suite 306
New Orleans, Louisiana 70130
Telephone (504) 581-3610
Facsimile  (504) 581-7509
**ATTORNEYS FOR PLAINTIFF,**
**WARREN RILEY**


### CERTIFICATE OF SERVICE

I hereby certify that this 16th day of September, 2022 this pleading was filed with the
Court's CM/ECF case management system, which will send a copy of this pleading to all
counsel of record.

_[s/] Jonathan C. Pedersen_
**JONATHAN C. PEDERSEN**