UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WARREN RILEY | CIVIL ACTION |
| VERSUS | NO. 19-13950 |
| LATOYA CANTRELL, *et al.* | SECTION M (1) |

### ORDER & REASONS

Before the Court is a motion by plaintiff Warren Riley to reopen the proceeding, or alternatively, for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.[1] Defendants the City of New Orleans (the "City) and LaToya Cantrell, individually and in her capacity as Mayor of the City (together with the City, "Defendants"), respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.    BACKGROUND**

This litigation arises from a politician's unkept promise.  When she was Mayor-elect, Cantrell reneged on her offer to employ Riley as Director of Homeland Security and Public Safety in her incoming administration.  Riley accepted the at-will offer by signing a written employment agreement, subject only to a background check.  Knowing that Riley had resigned from his position with the Federal Emergency Management Agency in Georgia, Cantrell withdrew the offer just before he was scheduled to assume the director position, ostensibly capitulating to two constituents who allegedly expressed opposition to Riley serving as director "due to his actions as Superintendent of the New Orleans Police Department in the aftermath of Hurricane Katrina"

---

[1] R. Doc. 92.
[2] R. Doc. 96.

(reportedly due to the now-infamous Danziger Bridge tragedy). By this lawsuit, Riley sought to hold Mayor Cantrell and the City accountable for the damages he incurred when he relied on her (since-reneged) promise to employ him.

The trial of this matter was scheduled to commence on September 12, 2022, with a pretrial conference set for August 24, 2022.[3] Prior to the pretrial conference, the parties' counsel engaged in successful settlement negotiations over the phone and by email.[4] On August 18, 2022, Riley's counsel emailed Defendants' counsel confirming that the case would be settled for a certain amount[5] "with this acceptance contingent upon my office's receipt of the settlement funds within twenty (20) days."[6] Defendants' counsel then confirmed with Riley's counsel that the 20-day clock began to run on August 16, 2022, thus making the deadline for payment September 5.[7] On August 19, Riley's counsel informed this Court of the settlement, and the Court issued an order of dismissal stating that the parties could "upon good cause shown, [move] to reopen the action or seek summary judgment enforcing the compromise if the settlement is not consummated within sixty days or such other reasonable time."[8] On August 31, 2022, Riley's counsel sent an executed written settlement agreement to Defendants' counsel that had a watermark on all pages stating: "NOT FINAL UNTIL FULLY EXECUTED BY ALL PARTIES."[9] Defendants did not execute the settlement agreement or send the settlement check to Riley's counsel by the due date of September 5, 2022.[10]

---

[3] R. Doc. 90.
[4] R. Doc. 92-1 at 2.
[5] The amount is confidential and is redacted from the pleadings.
[6] R. Doc. 92-5 at 3.
[7] *Id.* at 1-2.
[8] R. Doc. 91.
[9] R. Doc. 92-6.
[10] R. Doc. 92-1 at 4.

2

Nevertheless, on September 8, 2022, Riley's counsel sent Defendants' counsel a clean copy of the settlement agreement signed by Riley.[11] On September 9, a representative of the City signed the settlement agreement.[12] Then, on September 13, Riley's counsel inquired as to the status of the settlement check, and Defendants' counsel responded that she was working on it.[13] Riley's counsel asked again the next day, and Defendants' counsel replied, "Trying…."[14] On September 15, the settlement agreement was signed on behalf of Cantrell.[15]

Riley filed the instant motion on September 16, 2022, seeking relief from judgment under Rule 60(b)(6) to reopen the case.[16] He argues that the 20-day payment period was a material term of the settlement agreement and that Defendants' failure to remit the funds timely renders the agreement null or constitutes an "extraordinary circumstance" as would justify reopening the case under Rule 60(b)(6).[17]

On September 22, 2022, Defendants' counsel hand delivered the settlement check to Riley's counsel.[18] Riley's counsel returned the check, indicating that Riley wanted to proceed to trial.[19]

Thereafter, Defendants responded to Riley's motion, arguing that the terms of the settlement are stated in the written settlement agreement signed by all parties and that the document does not include a 20-day payment period.[20] Moreover, Defendants point out that the signed written settlement agreement includes an integration clause that provides that the document

---

[11] R. Doc. 92-7.
[12] R. Doc. 96-1 at 7.
[13] R. Doc. 92-9 at 2.
[14] *Id.* at 1.
[15] 96-1 at 7.
[16] R. Doc. 92.
[17] R. Doc. 92-1 at 7-9.
[18] R. Doc. 96 at 3
[19] *Id.*
[20] *Id.* at 5.

3

constitutes the parties' entire agreement and "supersedes and replaces any and all prior or contemporaneous agreements or understandings, whether written or oral, with regard to the matters set forth herein."[21] Defendants also argue that the Court's order of dismissal provides that the settlement must be consummated within 60 days, which occurred timely when Defendants' counsel delivered the check to Riley's counsel on September 22, 2022.[22] Finally, Defendants argue that the failure to pay a settlement timely is not an "extraordinary circumstance" justifying relief under Rule 60(b)(6).

## II. LAW & ANALYSIS

### A. Legal Standard

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Those limited circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[21] *Id.* (citing R. Doc. 96-1 at 6).
[22] *Id.*

Relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable. Even then, 'extraordinary circumstances' must justify reopening." *Kemp*, 142 S. Ct. at 1861 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11, 864 (1988)) (internal citation omitted). To that end, Rule 60(b)(6) "'requires a showing of "manifest injustice" and will not be used to relieve a party from the "free, calculated, and deliberate choices he has made."'" *Rivera v. Garza*, 2022 WL 2752224, at *1 (5th Cir. July 14, 2022) (quoting *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)). Although a court may reopen a dismissed case under Rule 60(b)(6) when a party breaches a settlement agreement, *Hernandez v. Compania Transatlantica*, 1998 WL 241530, at *2 (E.D. La. May 7, 1998) (collecting cases), failure to remit settlement funds timely is not, by itself, an "extraordinary circumstance." *See Calco Crew & Workboats, LLC v. Sunray Mktg., LLC*, 2021 WL 3509648, at *3-4 (E.D. La. Aug. 10, 2021). "'The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996)) (alteration omitted).

### B. Settlement Agreement and Enforcement

A district court has the inherent power to enforce settlement agreements in cases pending before it. *Richardson v. Famous Bourbon Mgmt. Grp., Inc.*, 857 F. App'x 182, 184 (5th Cir. 2021) (citing *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984)). Because this Court is sitting in diversity, Louisiana law applies to determine whether the parties entered into a settlement agreement, and if so, what its terms are. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Louisiana law, a settlement agreement is called a compromise, which is defined as "a contract whereby the parties, through concessions made by one or more of them, settle a dispute

or an uncertainty concerning an obligation or other legal relationship." La. Civ. Code art. 3071. The two essential elements of a compromise are: "'(1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences.'" *Preston Law Firm, L.L.C. v. Mariner Health Care Mgmt. Co.*, 622 F.3d 384, 390 (5th Cir. 2010) (quoting *Klebanoff v. Haberle*, 978 So. 2d 598, 602 (La. App. 2008)).

"A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." La. Civ. Code art. 3072. Emails can qualify as signed writings under article 3072. *Preston Law Firm*, 622 F.3d at 391. Compromises are contracts, so the "'rules of construction applicable to contracts are therefore used.'" *Celtic Marine Corp. v. James C. Justice Cos.*, 760 F.3d 477, 481-82 (5th Cir. 2014) (quoting *Doré Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219, 225 (5th Cir. 2009)). "A compromise instrument is the law between the parties and must be interpreted according to the parties' intent." *Chauvin v. Exxon Mobil Corp.*, 158 So. 3d 761, 766 (La. 2014); *see also Meadows v. Adams*, 316 So. 3d 5, 14 (La. App. 2020) (same).

Here, the parties confected a compromise to end the litigation whereby Riley agreed to dismiss the case in exchange for a certain amount of money from Defendants. Riley claims that the 20-day payment period was a material term of the compromise. His actions and the written settlement agreement suggest otherwise. The settlement payment was ostensibly due on September 5, 2022. However, after that date, on September 8, 2022, Riley sent a clean copy of the written settlement agreement to Defendants and continued to ask about payment until September 14, 2022.

The Defendants had both signed the settlement agreement by September 15, 2022. At that point, the written contract (as opposed to the earlier email exchange) became the manifestation of

the parties' compromise. Indeed, the settlement agreement contains an integration clause providing that the document forms the entire agreement between the parties and supersedes any previous written or oral agreements or understandings, which would include the 20-day remittance period stated in counsels' earlier email exchange. *See Wall v. Bryan*, 251 So. 3d 650, 657 (La. App. 2018) ("An integration clause precludes any prior or contemporaneous agreements which are not set forth in the contract."). Because the settlement agreement does not contain any due date for the settlement remittance and supersedes any other written or oral agreements or understandings, Defendants did not breach the compromise by failing to pay Riley by September 5, 2022. Significantly, Riley did not seek to enforce any compromise until September 16, the day after the written settlement agreement was fully executed.

Moreover, this case does not present an "extraordinary circumstance" justifying relief under Rule 60(b)(6). *See Calco Crew & Workboats*, 2021 WL 3509648, at *3-4. From the moment the deal was reached, the parties' counsel were in contact regarding completing the settlement. Riley's counsel knew that Defendants' counsel was working diligently to obtain the settlement check. And Defendants' counsel was rightly pressing her to do so – all in accordance with the written settlement agreement ultimately constituting the operative compromise. As a result, Defendants' counsel hand delivered the check to Riley's counsel on September 22, 2022, within two weeks of receiving a clean copy of the executed settlement agreement from Riley's counsel, within one week of the settlement agreement being fully executed, and well within the 60 days stipulated by the Court's order of dismissal for consummation of the settlement. Considering the circumstances as a whole, Riley is not entitled to relief under Rule 60(b)(6).

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Riley's motion to reopen proceedings, or alternatively, for relief pursuant to Rule 60(b)(6) (R. Doc. 92) is DENIED.

New Orleans, Louisiana, this 20th day of October, 2022.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE